# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA EMANUEL EL-BEY, : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> US BANK NATIONAL : <br> ASSOCIATION, et al., : <br>     Defendants. : | CIVIL ACTION <br><br> No. 09-cv-05656 |

**Memorandum**

YOHN, J.                                                                                                           June 14, 2010

     *Pro se* plaintiff, Joshua Emanuel El-Bey, has sued defendants U.S. Bank National Association ("U.S. Bank"), Chase Home Finance, LLC ("Chase"), and McCabe, Weisberg & Conway, PC ("McCabe"), under 42 U.S.C. § 1983 for violating his civil rights. He claims (to the extent his claims are intelligible) that defendants pursued fraudulent foreclosure actions regarding a property he owned at 5324 Wynnefield Avenue, Philadelphia, Pennsylvania (the "Property"). He alleges that defendants used deceptive procedures to schedule a sheriff's sale in a foreclosure action that was voluntarily withdrawn. He alleges that defendants subsequently colluded with the sheriff of Delaware County and the Court of Common Pleas of Philadelphia County to deny him his rights through fraud. Defendants move to dismiss El-Bey's amended complaint with prejudice for failure to state a claim, failure to join indispensable parties, and lack of jurisdiction. The court concludes that, even construing the amended complaint liberally because of El-Bey's status as a *pro se* litigant, he does not allege facts that are sufficient to show that he has a plausible claim for relief, his allegations of fraud are not stated with particularity, and any further amendment would be futile. Accordingly, the court will dismiss the amended complaint with prejudice.

## I. Factual and Procedural Background

The allegations of the amended complaint, which the court assumes to be true for the purposes of defendants' motion to dismiss, are summarized as follows.[1]

On January 11, 2007, McCabe filed a foreclosure action in the Philadelphia County Court of Common Pleas on behalf of U.S. Bank as to the Property, naming Bernard Ladem as the defendant. (Docket, U.S. Bank NA v. Ladem, No. 07-1356, January Term, 2007 (Pa. Ct. Com. Pl. Phila. County) ("Docket, No. 07-1356").) According to a quitclaim deed recorded on August 13, 2007, with the Commissioner of Records, City of Philadelphia, Ladem owned the Property until February 22, 2006, when he sold it to El-Bey for $1.00. (Defs.' Br., Ex. I.) On May 8, 2008, a notice of sheriff's writ was attached to the front door of the Property. (Am. Compl. 2.) According to El-Bey, McCabe's complaint in foreclosure claimed that the debt owed on the Property was $340,000. (Id.) El-Bey took the notice to the Delaware Valley Credit Counseling agency for assistance, and the agency contacted Chase on his behalf. (Id.) On May 22, 2008, McCabe withdrew the foreclosure action on behalf of U.S. Bank, without prejudice. (Docket, No. 07-1356.)

On June 4, 2008, McCabe filed a second foreclosure action on behalf of U.S. Bank, naming both Ladem and El-Bey as defendants. (Docket, U.S. Bank NA v. Ladem, No. 08-604, June Term, 2008 (Pa. Ct. Com. Pl. Phila. County) ("Docket, No. 08-604").) The sheriff of Delaware County was deputized to make service and claimed to have served the complaint in the second foreclosure action on El-Bey, as well as Ladem, on November 9, 2008, at 2126 Valley View Drive, Folcroft, Delaware County, Pennsylvania. (Am. Compl. 2; Defs' Br., Ex. C (Aff. of

---

[1] Along with these allegations, the court may also consider public records and the exhibits El-Bey attached to the amended complaint. Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Service, U.S. Bank NA v. Ladem, No. 08-604, June Term, 2008 (Pa. Ct. Com. Pl. Phila. County)).) U.S. Bank filed a praecipe for entry of a default judgment on December 29, 2008, a revised praecipe on January 8, 2009, and a praecipe for a writ of execution on February 2, 2009. (Docket, No. 08-604.)

El-Bey filed a motion to compel discovery on March 12, 2009, seeking "the production of documents to prove the debt." (Compl. 2, El-Bey v. Ladem, No. 2:09-cv-1774 (E.D. Pa.), (Docket No. 1); see also Docket, No. 08-604.) On March 30, 2009, U.S. Bank filed a motion for alternative service, seeking to serve El-Bey and Ladem through certified mail, return receipt requested, and regular mail to the Property or by posting notice at the Property. (Docket, No. 08-604.) The Court of Common Pleas granted the motion for alternative service on March 31, 2009, and denied El-Bey's motion to compel on April 13, 2009. (Id.) On April 14, 2009, apparently pursuant to the grant of the motion for alternative service, a notice of sheriff's sale was posted at the Property. (Id.) On April 21, 2009, El-Bey filed a motion to set aside the sheriff's sale, which the Court of Common Pleas denied on May 20, 2009. (Id.)[2]

On May 28, 2009, El-Bey filed a motion to postpone the sheriff's sale. (Am. Compl. 2.) The Court of Common Pleas scheduled a hearing for that day, which El-Bey alleges he was forced to attend without representation by legal counsel. (Id. at 2-3.) At the hearing, El-Bey argued that he was not a party to the debt owed to Chase and U.S. Bank on the Property. (Id. at 3.) The Court of Common Pleas granted the motion and postponed the sheriff's sale from June

---

[2] Meanwhile, El-Bey also filed a complaint in this court against Chase and McCabe (the "first federal court action") on April 27, 2009, alleging, among other things, violation of his constitutional rights and fraud. (El-Bey v. Ladem, No. 2:09-cv-01774 (E.D. Pa.) (Docket No. 1).) On June 18, 2009, Chase and McCabe filed a motion to dismiss that complaint. (Id. (Docket No. 4).) On July 30, 2009, the court granted the motion to dismiss with prejudice because El-Bey failed to respond or to appear at oral argument. (Id., Order (July 30, 2009) (Docket. No. 8).)

2, 2009, to July 7, 2009, and asked El-Bey whether he had considered filing a motion to strike or open the judgment. (Id.; Docket, No. 08-604.)

El-Bey filed a motion for entry of default judgment on June 3, 2009, a motion to strike or open on July 1, 2009, and a motion to dismiss on July 30, 2009. (Docket, No. 08-604.) The Court of Common Pleas denied the motion for entry of default judgment on July 9, 2009, and denied both the motion to strike or open and the motion to dismiss on September 29, 2009. (Id.)[3] On October 29, 2009, El-Bey filed a motion for reconsideration, which the Court of Common Pleas denied on November 3, 2009. (Am. Compl. 5; Docket, No. 08-604) The sheriff's sale took place that day. (Id.) The Property was sold to U.S. Bank for $10,400. (Id.)

On November 30, 2009, El-Bey filed the instant case against U.S. Bank. (Docket No. 1.) He filed an amended complaint on December 22, 2009, adding Chase and McCabe as defendants. (Docket No. 4.) He claims it was a violation of his due process and equal protection rights for defendants to pursue the foreclosure actions against him. (Am. Compl. 6.) He bases this claim on allegations that: (1) McCabe fraudulently claimed he owed the debt on the Property; (2) McCabe falsely pursued the initial foreclosure action when the only notice it provided was through the notice of sheriff's writ attached to the front door; (3) McCabe committed fraud because the sheriff of Delaware County lied when he claimed to have served El-Bey at the Folcroft residence; (4) McCabe colluded with the Court of Common Pleas through *ex parte* communications to deny El-Bey his rights; and (5) all of the defendants were the "moving force" behind the deprivations. (Id. at 2, 4-5.)

---

[3] On October 11, 2009, through a Notice of Default, El-Bey attempted to obtain answers from McCabe to questions in which El-Bey suggested that McCabe had colluded with the Court of Common Pleas to deny El-Bey's rights. (Am. Compl. 3-4.) El-Bey also attempted to bind McCabe to a "Self-Executing Contract." (Id. at 4.) According to El-Bey, McCabe did not respond to these documents. (Id. at 4-5.)

**II.    Discussion**

U.S. Bank, Chase, and McCabe move to dismiss the amended complaint.  They argue that El-Bey's allegations that they fraudulently colluded with the sheriff of Delaware County and the Court of Common Pleas are "unfounded and unsubstantiated."  (Defs.' Br. 7.)  They also argue that the foreclosure actions were proper because even if El-Bey was not personally liable for the debt, the Property was subject to the mortgage.  (Id. at 6.)  They further argue that the claims against Chase and McCabe should be dismissed because these defendants were previously dismissed with prejudice from the first federal court action.  (Id. at 5.)  They argue that therefore the court should also dismiss the claim against U.S. Bank, because Chase and McCabe are indispensable parties who, because of their previous dismissal, cannot be joined in the instant action.  (Id. at 7-8.)  Finally, they argue that the Rooker-Feldman doctrine bars El-Bey from asking the court to negate the judgment entered against him in the Court of Common Pleas.  (Id. at 9-11.)

In opposition, El-Bey argues that:  (1) defendants pursued the initial foreclosure action even though they knew that the Property had been quitclaimed to El-Bey; (2) defendants did not have standing to pursue either foreclosure action because defendants made a mistake in the assignment of the mortgage to U.S. Bank, which they did not correct until September 3, 2009;[4] (3) the sheriff of Delaware County falsely claimed to have served El-Bey at the Folcroft residence; and (4) the Rooker-Feldman doctrine does not apply because defendants obtained the judgment in the Court of Common Pleas through fraud, deception, accident, or mistake.  (Pl.'s Br. 2-6.)

---

[4]  The Corrected Assignment was actually signed on August 3, 2009, but by its terms was effective February 5, 2007.

The court concludes that, even construing the amended complaint liberally because of El-Bey's status as a *pro se* litigant, it does not state a claim upon which relief could be granted. The allegation that defendants fraudulently pursued the initial foreclosure action is not sufficient to show that El-Bey has a plausible claim for relief because, regardless of when defendants learned that Ladem had quitclaimed the Property to El-Bey, the initial foreclosure action was voluntarily withdrawn. Furthermore, El-Bey alleges no facts by which any allegedly fraudulent actions by the sheriff of Delaware County or the Court of Common Pleas could be attributed to defendants. The court further concludes that, because El-Bey's allegations of fraud and collusion are wholly speculative and conclusory, any further amendment would be futile. Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000) (dismissal of a *pro se* complaint without leave to amend is justified if amendment would be futile).[5]

---

[5] El-Bey also fails to address the argument that dismissal of the claims against Chase and McCabe is warranted because those defendants were dismissed with prejudice from the first federal court action. Although the complaint in that earlier action did not explicitly invoke § 1983, it made the same core allegations concerning constitutional violations and fraud, including that Chase and McCabe "were foreclosing on the wrong person," denied El-Bey "due process," and acted "in concert" with "government officials" to commit "acts of fraud" and "conspiracy." (Compl. 2-4, El-Bey v. Ladem, 2:09-cv-01774 (E.D. Pa.) (Docket No. 1).) Thus, regardless of whether the amended complaint in the instant action states a claim upon which relief could be granted—it does not—it is barred against Chase and McCabe.

Because the court concludes that the amended complaint fails to state a claim, it is not necessary to address defendants' additional arguments that the amended complaint should be dismissed because: (1) under Rule 12(b)(7), Chase and McCabe are indispensable parties who cannot be joined; and (2) under Rule 12(b)(1), the Rooker-Feldman doctrine bars El-Bey from asking a federal court to negate a state court judgment. It should be noted, however, that El-Bey offers no rebuttal to the argument that Chase and McCabe are indispensable parties. Accordingly, even if the amended complaint stated a claim upon which relief could be granted, dismissal would be warranted. Furthermore, El-Bey's argument that the Rooker-Feldman doctrine does not apply is limited to an argument that an exception should be made because the state court judgment was procured through "extrinsic fraud." (Pl.'s Br. 6.) As explained below, El-Bey's allegations of fraud, in which he asserts that defendants colluded with the sheriff of Delaware County and the Court of Common Pleas, are insufficient to show that he has a plausible claim for relief. Accordingly, dismissal would be warranted on this ground as well.

In analyzing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court must determine whether the facts alleged in the complaint are "sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (2009). In conducting this review, a court must accept all "well-pleaded" facts in the complaint as true. Fowler, 578 F.3d at 211. This assumption of truth does not, however, apply to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. In addition, under Fed. R. Civ. P. 9(b), a plaintiff must plead all allegations of fraud with particularity as to the circumstances of the alleged fraud. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1417-18 (3d Cir. 1997). At the same time, the pleadings of *pro se* plaintiffs must be "liberally construed." Erickson v. Pardus, 551 U.S. 89, 93-96 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (internal quotation marks omitted)).

El-Bey alleges in his amended complaint that McCabe falsely pursued the initial foreclosure action when the only notice it provided was through a notice of sheriff's writ attached to the front door of the Property. (Am. Compl. 2.) El-Bey argues that by the time defendants posted the notice they knew that he, not Ladem, owned the Property. (Pl.'s Br. 2.) However, regardless of when defendants knew that El-Bey had purchased the Property, the initial foreclosure action was voluntarily withdrawn. (Id.; Docket No. 07-1356.) El-Bey's allegations are not sufficient to show that he has a plausible claim for relief because, instead, they show that

he was successful in the initial foreclosure action in ensuring that the sheriff's sale did not go forward.[6]

El-Bey also alleges that the sheriff of Delaware County lied when he claimed that he served El-Bey with notice of the second foreclosure action at the Folcroft residence. (Am. Compl. 2-3.) El-Bey attributes this alleged fraud to defendants, stating that "[a]ll of the Defendant[s'] are the 'moving force' behind my deprivations . . . ." (Id. at 6.) But even assuming for the purposes of this motion that the acts of the sheriff of Delaware County were in any way improper, El-Bey provides no facts to support a reasonable inference that the sheriff's alleged lie could be attributed to defendants. Without any such facts, El-Bey's allegations are not sufficient to show that he has a plausible claim for relief. In addition, El-Bey's allegations of fraud are not stated with any particularity, and therefore fail to meet the standards of Rule 9(b).

Furthermore, even if the sheriff's alleged lie could be attributed to defendants, El-Bey's own allegations and the public records establish that he suffered no harm. He participated actively in the second foreclosure action by filing a motion to compel discovery, a motion to set aside the sheriff's sale, a motion to postpone the sheriff's sale, a motion for entry of default judgment, a motion to strike or open, a motion to dismiss, and a motion for reconsideration. In fact, according to his own allegations, as a result of the hearing in the case on May 28, 2009, the Court of Common Pleas postponed the sheriff's sale and provided El-Bey an opportunity to file the motion to strike or open. (Am. Compl. 3, 4.) Ultimately, the sheriff's sale did not take place

---

[6] El-Bey also alleges that McCabe fraudulently claimed he owed the debt on the Property. El-Bey does not seem to understand that as a terre-tenant he is not personally responsible for the debt. However, he took title to the Property under and subject to the mortgage so that if the mortgage is not paid, the Property is subject to foreclosure.

until months later, after the Court of Common Pleas had considered and denied El-Bey's motion to strike or open as well as his motion to dismiss. (Docket, No. 08-604.)[7]

El-Bey further alleges in his amended complaint that McCabe colluded with the Court of Common Pleas through *ex parte* communications. He bases this allegation of *ex parte* communications on pure speculation:

> [O]n more than one occasion when filing motion for entry of default judgment, or postponement of sheriff sale[,] I would file on "day one[,]" [m]ail a copy to "McCabe" on "same day[,"] "McCabe" would receive filed motion via certified mail on the "second day[," and] I would receive the [court's] decision always "Denied" from the court on the "third, or fo[u]rth day". I have concluded, without a doubt, that "McCabe" would have to meet in judge's chambers to expedite these conclusions.

(Id. at 5.) El-Bey does not support his allegations of *ex parte* communications with any other facts. His conclusory statements are not sufficient to show that he has a plausible claim for relief. Furthermore, to the extent that El-Bey alleges that collusion with the Court of Common Pleas rendered the foreclosure actions fraudulent, El-Bey has failed to allege fraud with any particularity.[8]

---

[7] El-Bey's amended complaint states incorrectly that the Court of Common Pleas denied his motion to postpone the sheriff's sale. (Am. Compl. 3, 4.) Instead, according to other allegations in the amended complaint and the public record, the court granted the motion and postponed the sale pursuant to El-Bey's request. (Id.; Docket, No. 08-604.)

[8] El-Bey also claims in his amended complaint that the Court of Common Pleas denied him due process when it scheduled a hearing on his motion to postpone the sheriff's sale for the same day he filed the motion. (Am. Compl. 2-3.) El-Bey alleges that because the hearing was scheduled so quickly he was "forced to attend" without representation by an attorney. (Id. at 3.) He does not, however, allege that any defendants were involved in the scheduling of the hearing. Thus, even assuming for the purposes of this motion that the scheduling was in any way improper, there is no basis to attribute the actions of the Court of Common Pleas to defendants. Furthermore, to the extent that El-Bey might seek to attribute such actions to defendants based on a general allegation that he believes they engaged in *ex parte* communications with the Court of Common Pleas, that allegation is mere speculation and insufficient to show that he has a plausible claim for relief.

### III. Conclusion

El-Bey's amended complaint lacks merit even construed liberally in his favor because of his status as a *pro se* litigant. Furthermore, because El-Bey's allegations of fraud and collusion are wholly speculative and conclusory, any further amendment would be futile. Accordingly, the court will dismiss El-Bey's amended complaint with prejudice. An appropriate order follows.